IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROLANDO NIEVES-SANCHEZ<br>Plaintiff<br>vs<br>VENTION MEDICAL PUERTO RICO, INC.<br>Defendant | CIVIL 14-1927CCC |

**OPINION AND ORDER**

Before the Court is defendant Vention Medical Puerto Rico, Inc.'s Motion to Dismiss (**d.e. 11**), which this Court took under advisement as unopposed (d.e. 20).

On December 31, 2014, plaintiff Rolando Sánchez-Nieves filed his complaint (D.E. 4), alleging that defendant discriminated against him based on his sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.  Plaintiff also alleged violations of Puerto Rico Law 100, Article II, Sections 1, 8, and 16 of the Puerto Rico Constitution, and Articles 1802 and 1803 of the Puerto Rico Civil Code.  Specifically, plaintiff alleged that defendant fired him because he was a male, and not because of any findings of legitimacy behind the sexual harassment allegations that were leveled against him by another employee.

Defendants move to dismiss the complaint for failure to exhaust administrative remedies because plaintiff's Equal Employment Opportunity Commission ("EEOC") charge did not include the claim before this Court, specifically, that he failed to allege sex discrimination.

CIVIL 14-1927CCC                                       2

Plaintiff began working at Vention (previously Medtech) in 1995. He alleges that he was terminated on April 14, 2014,[1] after his supervisors received accusations that he had sexually harassed some female coworkers. Defendant argues that plaintiff's Complaint should be dismissed because he failed to exhaust administrative remedies as required by Title VII of the Civil Rights Act of 1964, specifically, that he failed to allege sex discrimination in his EEOC charge.

As an initial matter, the Court notes that although plaintiff alleges in his complaint (D.E. 4, ¶ 6.4) that he "exhausted all applicable administrative remedies," he failed to attach any documents relevant to this allegation. Defendant's Motion to Dismiss includes a purported copy of its receipt of notice of plaintiff's EEOC charge (D.E. 11, Ex. 1).

A motion to dismiss tests the sufficiency of the pleadings. A court may not ordinarily consider materials outside the pleadings unless the motion is converted into one for summary judgment. Carrero–Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 716–717 (1st Cir. 2014). In the instant case, the court will consider the document attached to defendant's motion to dismiss, that is, the EEOC charge, for it is referenced in the complaint and the administrative record is a public record of which the court may take judicial notice. See e.g. Maldonado–Cordero v. AT&T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999); Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

---

[1] The Court notes that plaintiff's complaint does not allege a specific date for the termination. The judicially-noticed EEOC complaint presented to this Court as Exhibit 1 of defendant's Motion to Dismiss (D.E. 11) notes April 12, 2014 as the relevant date.

CIVIL 14-1927CCC                      3

"[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) (citing Duncan v. Manager, Dep't of Safety, 397 F.3d 1300, 1314 (10th Cir. 2005); Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1024-25 (8th Cir. 2004); Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999)).  The rule of exhaustion has two indispensable components: "the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency." Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973); McKinnon v. Kwong Wah Rest., 83 F.3d 498, 504 (1st Cir. 1996).

The allegations in a federal complaint must also have been the subject of the plaintiff's EEOC charge.  A plaintiff does not meet either component of the exhaustion requirement if the allegation in his complaint is not mentioned in his EEOC charge.  Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003).  The First Circuit has stated unequivocally that "[t]he scope of the civil complaint is limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Lattimore v. Polaroid Corp., 99 F.3d 456, 464-5 (1st Cir. 1996).  Failure to bring a particular claim to the attention of the EEOC "foreclose[s] the administrative investigation and ameliorative action contemplated by the exhaustion requirement" and necessarily fails to meet the requirements of exhaustion. Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000).  In the portion of the District of Puerto Rico Opinion and Order that was affirmed by the First Circuit, the Court there held there that even though the plaintiff checked off the "age" box on the EEOC form, he nevertheless failed to bring the age claim to

CIVIL 14-1927CCC                                    4

the attention of the EEOC because "other than the checked box, there is no indication on the face of Plaintiff's formal [EEOC] complaint that he sought to pursue a claim for age discrimination."  Velazquez Rivera v. Danzig, 81 F. Supp. 2d 316, 326-27 (D.P.R.); *aff'd in part*, vacated in part *sub nom*. Velazquez-Rivera v. Danzig, 234 F.3d 790 (1st Cir. 2000).

      In the instant case, plaintiff filed a charge with the EEOC on which he did not check the "Sex" box, but rather only the "Age" box and the "Other" Box, specifying "Equal Pay" as the basis for the latter.  In this respect, plaintiff's EEOC charge contained even less reference to the claim before the court than did the EEOC charge at issue in Velazquez-Rivera.  Like in Velazquez-Rivera, there is no indication on the face of plaintiff's EEOC charge that he sought to pursue a claim for sex discrimination.  81 F. Supp. 2d at 326-27.

      Plaintiff's pleadings do not allege a plausible entitlement to relief, as required by Rule 12(b)(6), because his allegation, along with the judicially-noticed EEOC charge, are not sufficient to lend plausibility to his contention that he "exhausted all applicable administrative remedies" (D.E. 4, ¶ 6.4), a prerequisite for this court to hear his federal claims.  As a result, plaintiff's Title VII claim for sex discrimination is DISMISSED, with prejudice. Plaintiff's remaining state-law claims are DISMISSED, without prejudice.

      SO ORDERED.
      At San Juan, Puerto Rico, on March 31, 2016.

                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge